UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS, EASTERN DIVISION

| | |
|---|---|
| EMILIO SANTELISES,<br><br>      Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A., as successor by merger to BAC HOME LOANS SERVICING, LP, and FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION<br>) NO.  12-CV-11164-NMG<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

Defendants Bank of America, N.A. ("Bank of America" or the "Bank") and Federal Home Loan Mortgage Corporation ("Freddie Mac") hereby respectfully submit the following memorandum of law in support of their motion to dismiss Plaintiff's May 21, 2012 Complaint and Jury Demand (the "Complaint").  As explained herein, Plaintiff's Complaint fails to state any cognizable legal claim for relief against either Defendant.  All of Plaintiff's claims hinge on the theory that Bank of America was required under the Home Affordable Modification Program ("HAMP") to modify or renegotiate the terms of Plaintiff's mortgage loan instead of foreclosing on his property.  Not only is Plaintiff's theory incorrect—because no alleged contract with Plaintiff or anyone else required Bank of America to provide Plaintiff with a loan modification or to cancel foreclosure after Bank of America determined that Plaintiff could not qualify for HAMP assistance—but Plaintiff has no private right of action under HAMP.  The case law on that is very clear.  Plaintiff cannot avoid the legal bar against civil HAMP-based claims simply by labeling his claims as causes of action for breach of contract, promissory estoppel, or

consumer fraud. Accordingly, the Court should dismiss Plaintiff's Complaint in full, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

**FACTUAL BACKGROUND**

Defendant Bank of America is a national bank that offers consumer banking products throughout the country. It serviced the mortgage loan that is the subject of this action (the "Mortgage"). Defendant Freddie Mac purchased the property that secured the subject mortgage loan (the "Property") at a foreclosure sale in April 2010.

Plaintiff defaulted on his Mortgage obligations in 2009, and he has not made a payment on his loan since. Compl. ¶ 9. Bank of America therefore notified Plaintiff in January 2010 that his Mortgage was subject to foreclosure and invited him to contact the Bank to discuss options to prevent that occurrence. *Id.* ¶ 20; **Exhibit A** (1/19/10 Notice of Intention to Foreclose).[1] In response, Plaintiff submitted a request for loan modification under HAMP, and Bank of America evaluated Plaintiff for HAMP eligibility, only to determine he did not qualify. *See* Compl. ¶ 40; **Exhibit B** (9/08/10 Letter from Bank of America to E. Santelises denying HAMP modification).[2] According to the Bank's September 8, 2010 letter to Plaintiff (Exhibit B), Plaintiff was not eligible for HAMP because of "excessive forbearance," meaning:

> Your loan is not eligible for a Home Affordable Modification because we are unable to create an affordable payment equal to 31% of your reported monthly gross income without changing the terms of your loan beyond the

---

[1] Because Plaintiff's Complaint cites to this document, the Court properly may consider the Notice of Intention to Foreclose (Exhibit A) when deciding the instant motion to dismiss. *See McGrath & Co., LLC v. PCM Consulting, Inc.*, No. 11–10930–DJC, 2012 WL 503629, at *9 (D. Mass. Feb. 15, 2012) ("when a complaint relies upon such document … the document will merge into the pleadings and can be properly considered on a motion to dismiss") (*citing Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001)).

[2] The Court may consider Exhibit B on this motion to dismiss for the reason explained in footnote 1, above. Plaintiff in paragraph 40 of his Complaint cites to Bank of America's September 2010 letter notifying Plaintiff of his failure to qualify for HAMP.

> requirements of the program. In other words, to create an affordable payment for you, the investor (owner) of your loan would be required to delay collecting too large a portion of your principal balance until the loan pays off, beyond what the Home Affordable Modification Program allows.

Exhibit B at 1.

Bank of America thereafter, in April 2011, proceeded with a non-judicial foreclosure sale of the Property, and Freddie Mac purchased the Property at the sale. Compl. ¶¶ 62, 67. Plaintiff has since refused to vacate the Property, forcing Freddie Mac to file eviction proceedings. *Id.* ¶ 68. Now, over a year later, Plaintiff has filed the instant action designed to delay eviction.

## ARGUMENT

### I. APPLICABLE LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quotations omitted). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts are required to accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Gargano v. Liberty Int'l Underwriters, Inc.,* 572 F.3d 45, 48 (1st Cir. 2009). Under these well-established requirements of plausibility, the Complaint fails to state a claim against Bank of America or Freddie Mac.

## II.     PLAINTIFF'S DECLARATORY JUDGMENT CLAIM (COUNT I) FAILS.

In Count I of the Complaint, Plaintiff seeks a declaration that Bank of America did not have a right to foreclose on the Property because (1) Bank of America allegedly failed to comply with its obligations under HAMP, and (2) Bank of America made alleged promises to Plaintiff to (a) give him a HAMP trial payment plan and (b) not foreclose on April 18, 2011. Compl. ¶¶ 75-78. However, there is no private right of action under HAMP, and the promise of a trial payment plan or a postponement of foreclosure—without reciprocal consideration—cannot be considered a binding contract under Massachusetts law. Accordingly, there is no legal basis for Plaintiff's declaratory judgment claim.

"As a majority of federal courts [including this one] have determined, ***there is no private right of action under HAMP***. Nor are plaintiffs entitled to sue as third-party beneficiaries of the bank's contracts with the government." *McBride v. American Home Mtg. Servicing Inc.,* No. 11–10998–RWZ, 2012 WL 931247, *2-3 (D. Mass. March 19, 2012) (emphasis added) (internal citations omitted). For that reason, Plaintiff cannot sue to enforce any of Bank of America's alleged obligations under HAMP, including any perceived obligation to offer Plaintiff a loan modification or trial payment plan.

Plaintiff's other basis for his declaratory judgment claim—his allegations that Bank of America breached (i) a December 2010 promise to send Plaintiff a HAMP temporary payment plan, which promise the Bank allegedly withdrew in January 2011, *see* Compl. ¶¶ 52-57, and (ii) an April 12, 2011 promise to postpone the foreclosure sale scheduled for April 18, 2011, *see id.* ¶¶ 60-62—cannot sustain a claim for "breach of promise," *id.* ¶ 76, or justify the declaratory relief requested by Plaintiff in Count I. Under Massachusetts law, consideration is "a necessary element of any contract claim," and "no consideration arises from the fact that the plaintiffs complied with the loan modification application process." *Anilus v. OneWest Bank, FSB,* No.

4

201001774, 2011 WL 2735052, *2 (Mass. Super. 2011) (citation omitted).  Plaintiff fails in his Complaint to identify any mutual consideration for the Bank's alleged promise to send Plaintiff a trial payment plan, as required by *Anilus*.  For example, nowhere does Plaintiff allege that he made modified payments or even promised in future to make modified payments under the allegedly offered (but withdrawn before acceptance) trial payment plan.  Plaintiff likewise fails to identify any mutual consideration for the Bank's alleged promise on April 12, 2011 to postpone the April 18 foreclosure.  Because Plaintiff fails to allege adequate consideration for Bank of America's supposed promises, the Complaint fails to state a claim for breach of contract under Massachusetts law.

Moreover, even if Plaintiff had alleged adequate consideration, his claim based on alleged breach of promise still would fail.  In order to state a cognizable claim for breach of contract, a plaintiff must allege sufficient facts to demonstrate that: (a) he had an enforceable agreement with the defendant; (b) the defendant breached the terms of that agreement; and (c) the breach caused the plaintiff's damages.  *Coll v. PB Diagnostic Systems, Inc.*, 50 F.3d 1115, 1122 (1st Cir. 1995).  Plaintiff has not alleged facts that support even one of these three mandatory pleading elements.  As established by *Twombly* and its progeny, Plaintiff must allege more than conclusory statements to support his breach of contract claim.  For example, he must "explain what obligations were imposed **on each of the parties** by the alleged contract[,]" *Buck v. Am. Airlines, Inc.*, 476 F.3d 29, 38 (1st Cir. 2007) (emphasis added) (citation omitted), as well as describe, "with 'substantial certainty,' the specific contractual promise the defendant failed to keep." *Brooks v. AIG Sun America Life Assur. Co.*, 480 F.3d 579, 586 (1st Cir. 2007).  Plaintiff has not alleged any fact indicating Bank of America failed to perform an obligation imposed on it by a mutually binding contract.  In contrast, as to the only clear mutual contract at issue—the

Mortgage—Plaintiff outright concedes that *he* is in breach of that contract through failure to make timely Mortgage payments. *See* Compl. ¶ 9.

Because there is no private right of action under HAMP, and because Plaintiff fails to state a claim for breach of contract, Plaintiff's claim for declaratory judgment in Count I of the Complaint lacks the substantial certainty necessary to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

### III.   PLAINTIFF FAILS TO STATE A COGNIZABLE CLAIM FOR PROMISSORY ESTOPPEL (COUNT II).

Plaintiff likewise fails to allege a valid claim for promissory estoppel. Under Massachusetts law, "a promisee's reasonable and detrimental reliance on a promise may serve as a substitute for consideration and render the promise 'enforceable pursuant to a traditional contract theory,' but only if the promise can prove '*all the necessary elements of a contract* other than consideration.'" *Kiely v. Raytheon,* 105 F.3d 734, 736 (1st Cir. 1997) (emphasis added) (*citing R.I. Hosp. Trust Nat'l Bank v. Varadian,* 647 N.E.2d 1174, 1179 (Mass. 1995)).

As already explained above in Part II, Plaintiff fails in this case to allege any of the elements of a binding contract, including consideration, with regard to the two promises Plaintiff says Bank of America breached. This defect alone is fatal to Plaintiff's promissory estoppel claim. Furthermore, Plaintiff has alleged no facts demonstrating that he detrimentally relied on Bank of America's alleged promises—other than the conclusory allegation of "ceasing to attempt to stop [Bank of America]'s contemplated foreclosure sale." Compl. ¶ 54. Plaintiff fails to explain how any such hypothetical attempts he might have made between December 2010 and January 2011 (the period of time between the Bank's alleged promise to send Plaintiff a HAMP trial payment plan and the Bank's indication that the plan would not be forthcoming) and between April 12 and April 18, 2011 (the period of time between the Bank's alleged promise to

postpone foreclosure and the foreclosure sale itself) to stop foreclosure would have changed the end result—particularly in light of Plaintiff's admission that he had long been in default on his Mortgage obligations.  Absent any ***plausible*** allegation of detrimental reliance, Plaintiff's claim fails to meet the standard required by the Court in *Kiely* for promissory estoppel.  Accordingly, the Court should dismiss Count II for failing to state a claim upon which relief may be granted.

## IV. PLAINTIFF FAILS TO STATE A COGNIZABLE CLAIM FOR NEGLIGENT MISREPRESENTATION (COUNT III).

Plaintiff's claim for negligent misrepresentation in Count III of the Complaint fails for similar reasons set forth above with regard to Count II:  Plaintiff has not alleged (and cannot plausibly allege) that he detrimentally relied on any alleged promises made by Bank of America or Freddie Mac to (i) send Plaintiff a trial payment plan or (ii) postpone the April 18, 2011 foreclosure.

To succeed on a claim of negligent misrepresentation, a plaintiff must show that (1) "in the course of [the defendant's] business;" (2) the defendant "supplied false information for the guidance of others;" (3) "in its business transactions;" (4) "causing and resulting in pecuniary loss to those others;" (5) "by their justifiable reliance on the information;" and (6) that the defendant "failed to exercise reasonable care or competence in obtaining or communicating the information."  *Gossels v. Fleet Nat'l Bank,* 453 Mass. 366, 372, 902 N.E.2d 370 (2009); *see also Adamson v. Mortgage Electronic Registration Systems, Inc.,* No. 11–0693–H, 2011 WL 4985490, *5 (Mass. Super. Oct. 19, 2011).

Plaintiff fails to allege any facts showing that Bank of America or Freddie Mac supplied any false information or that Plaintiff justifiable relied on it to his detriment.  As explained above, Bank of America reviewed Plaintiff's HAMP application and notified Plaintiff prior to foreclosure that he was ineligible for HAMP due to excessive forbearance.  *See* Exhibit B.

Moreover, although Plaintiff alleges that Bank of America informed Plaintiff as late as April 12, 2011 that it would further postpone the foreclosure sale of the Property, Plaintiff does not allege that Bank of America promised it would never foreclose at some point in the future. In fact, Plaintiff admits that on October 15, 2010—after the September 8, 2010 HAMP denial letter—a Bank of America representative told him that Bank of America still intended to foreclose. Compl. ¶ 46. Nowhere in Count III of the Complaint does Plaintiff allege that he performed any specific acts or omissions in reliance on Bank of America's alleged promises, which acts or omissions by Plaintiff resulted in him suffering a loss he would not otherwise have suffered. Accordingly, the Court should dismiss Plaintiff's claim for negligent misrepresentation.

V.   **PLAINTIFF FAILS TO STATE A COGNIZABLE CLAIM AGAINST BANK OF AMERICA FOR MASS. GEN. L. CH. 93A (COUNT IV).**

Plaintiff's final claim alleges that Bank of America disregarded and was in "non-compliance with HAMP and its Supplemental Directives," and that this conduct violated Chapter 93A of the General Laws of Massachusetts." Compl. ¶ 96. There is no legal basis for Plaintiff to assert such a claim given that, in Massachusetts and elsewhere, "courts have almost uniformly found that HAMP creates no private right of action …." *Okoye v. Bank of New York Mellon*, No. 10–11563–DPW, 2011 WL 3269686, *7 (D. Mass. July 28, 2011). ***Failure to grant a HAMP loan modification, or to comply with HAMP directives, is not a* per se *Chapter 93A violation.*** *Id.* In order to state a Chapter 93A claim based on alleged HAMP violations a plaintiff must (1) adequately plead that the defendant violated HAMP; (2) the alleged violations must be of the type that would be ***independently actionable conduct under 93A***, even absent the violation of the statutory provisions; and (3) if the conduct is actionable, recovery under Chapter 93A must be compatible with the "objectives and enforcement mechanisms of HAMP." *Id.* at *8 (citations omitted).

8

Plaintiff's allegations fail to meet the standard required by *Okoye* for Chapter 93A claims based on alleged HAMP violations. First, Plaintiff's allegations sound in negligence, which is insufficient to state a Chapter 93A claim as a matter of law. As this Court has explained, "without further factual detail demonstrating unfairness, as opposed to clerical error or mere negligence, [a] claim for a violation of Chapter 93A cannot be sustained." *Kozaryn v. Ocwen Loan Servicing, LLC*, 784 F. Supp. 2d 100, 103 (D. Mass. 2011). In *Kozaryn*, the court dismissed the plaintiff's Chapter 93A claim where the plaintiff alleged that the loan servicer failed to evaluate her application for a loan modification and instead sent a denial letter stating that her "financial details" were missing. *Id*. Similarly, Plaintiff alleges that Bank of America violated HAMP guidelines by (1) failing to provide him with confirmation of his HAMP application within 10 days of receipt; (2) failing to advise him that his application was complete within 30 days; (3) referring him to foreclosure until the HAMP evaluation was complete; and (4) failing to provide a reason he did not qualify for HAMP. *See* Compl. ¶¶ 23, 24, 27, 36, 38, 41, 44, 47. As in *Kozaryn*, these actions do not amount to allegations of **unfairness**, and are therefore not independently actionable under Chapter 93A. Plaintiff's conclusory allegations of "unfair and deceptive acts or practices" cannot alone sustain his consumer fraud claims against Bank of America. *Id*. ¶ 98.

Finally, Plaintiff's allegations that Bank of America sent foreclosure notices in violation of HAMP cannot support a claim for relief under Chapter 93A. *Id*. ¶ 36. *See Brown v. Bank of America Corp.*, No. 10–11085, 2011 WL 1311278, *3 (D. Mass. March 31, 2011). In *Brown*, the plaintiff submitted her HAMP application in August 2009, received notices of foreclosure auction after her initial application, and discussed her eligibility with her loan servicer when she was receiving foreclosure auction notices and prior to foreclosure. *Id.* at *1-2. The Court held

that "plaintiff failed to provide enough facts to make a claim plausible on its face that the defendants engaged in unfair and deceptive business practices." *Id.* at *3. Likewise, Plaintiff's allegation that Bank of America sent foreclosure notices while his HAMP application was pending is insufficient to state an independent Chapter 93A claim. *See id.*

Because there is no private right of action under HAMP, and because Plaintiff does not allege any HAMP violations that are independently actionable under Chapter 93A, his claims fail as a matter of law and must be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss the Complaint in its entirety, with prejudice, under Fed. R. Civ. P. 12(b)(6) for failure to state any cognizable claim for relief against Bank of America or Freddie Mac.

Respectfully submitted this 5th day of July, 2012.

By: /s/ Stephen C. Reilly, Esq.

Stephen C. Reilly, BBO #555371
SALLY & FITCH LLP
One Beacon Street
Boston, MA 02108
Telephone: 617-542-5542
scr@sally-fitch.com

*Counsel for Defendants*
*Bank of America, N.A., and Federal Home*
*Loan Mortgage Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served on all counsel of record via the Court's electronic filing system (ECF), this 5th day of July, 2012.

By: /s/ Stephen C. Reilly, Esq.