UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMILIO SANTELISES<br><br>        Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, as successor by merger to BAC HOME LOAN SERVICING, LP and FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>        Defendant. | Civil Action No.: 12-cv-11164-nmg |

**PLAINTIFF'S MEMORANDUM SUPPORTING
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

The Plaintiff Emilio Santelises, ("Plaintiff") hereby respectfully submits the following memorandum in support of his opposition to the Defendants Bank of America and Federal Home Loan Mortgage Corporation ("Freddie Mac" or collectively referred to as "Defendants"). As explained herein, the Complaint states a viable claim for relief against the Defendants supported by the opinions in at least three cases. These cases are Durmic v. J.P. Morgan Chase Bank, NA, No. 1:10-CV-10380-RGS, 2010 WL 4825632, Slip Copy (D. Mass. Nov. 24, 2010), Speleos v. Bank of Am., N.A., No. 1:10-CV-11503-NMG, Slip Copy [D. Mass. Dec. 14, 2010), and Wells Fargo Bank, N.A. v Paul Meyers, No. 34632-09, NYU 1202475060382 (N.Y. Supreme Ct., Nov. 10, 2010). The cases are attached as **Exhibit A**.

In Durmic, Judge Stearns denied the mortgage servicer's motion to dismiss in a class-action lawsuit for violation of HAMP trial period agreements. The servicer failed to provide permanent loan modification agreements as required by HAMP guidelines. The Durmic plaintiffs' claims were made under common law theories for breach of contract, violation of the covenant of good faith and fair dealing, promissory estoppel, and violation of M.G.L. c. 93A. Id

at *1. After extensive briefing by both sides, and although the court denied the accompanying motion for a preliminary injunction as overbroad, Id at *16, the court quoted the plaintiffs' opposition brief in support of its conclusion that the plaintiffs' state law claims were independent of whether they had a private right of action under HAMP, stating "It is the [TPP] contract — not HAMP — that Plaintiffs seek to enforce." Id at *5 n.5 (internal quotations omitted). Here, Bank of America has similarly attempted to conflate the Plaintiff's state law claims with an attempt to claim a private right of action under HAMP. Mr. Santelises does not claim a private right of action under HAMP. Similar to the Durmic plaintiffs' claims, Mr. Santelises' claims are for violation of the Consumer Protection Act, misrepresentation, promissory estoppel, and for declaratory relief. These claims exist independent of any alleged claim under HAMP.

The argument that HAMP does not preempt state law rights was further reinforced by Judge Gorton's recent opinion in Speleos. Denying the mortgage servicer's motion to dismiss those plaintiffs' claims for negligence related to the wrongful foreclosure of their home in violation of HAMP, the court distinguished between claims brought directly under HAMP, and claims brought under independent state law theories that are related to HAMP:

> The [servicer] maintain[s] that, because there is no private cause of action under HAMP, such a claim cannot be brought as a common law negligence claim. Indeed, federal courts have held that there is no private right of action under HAMP. Notwithstanding Plaintiffs' contention to the contrary, the Court agrees with the defendant, but that is not dispositive of the issue because, in Massachusetts, violations of a statute or regulation may constitute evidence of negligence. A claim for negligence based on a statutory or regulatory violation can survive even where there is no private cause of action under that statute or regulation. Here, evidence of a violation of the HAMP Guidelines may constitute evidence of breach of a duty because the harm that the Plaintiffs allegedly incurred is of the kind that the Guidelines were designed to prevent and the Plaintiffs are within the class of persons that the Guidelines are intended to benefit.

Id at *13-14 (internal citations omitted).[1]

The Plaintiff's theories, claim for declaratory relief and violation of the Consumer Protection Act, are similar to the theories under which the Speleos plaintiffs sued. Here, the Plaintiff is not attempting to enforce the HAMP contract, but only his claims against Bank of America.

In Meyers, from the New York Supreme Court, which is the trial court for the state of New York, the mortgage servicer commenced foreclosure on the plaintiffs in violation of HAMP guidelines after the plaintiffs had accepted a loan modification agreement. Id at *3 Finding that the servicer's actions constituted "bad faith," Id at *4, the court dismissed the servicer's complaint to foreclose, and directed it to modify the plaintiffs' mortgage consistent with the agreement. This case shows another instance of state law rights complementing HAMP rather than being supplanted by it.

Finally, Bank of America's argument that Chapter 93A claims are wholly dependent on an underlying cause of action fundamentally misunderstands the nature of that statute. The "broad new rights" created by Chapter 93A include the ability to obtain relief under Chapter 93A even if the parties are not in privity of contract. Kattar v. Demoulas, 433 Mass. 1, 14-15, 739 N.E.2d 246, 258 (2000) ("Parties need not be in privity for their actions to come within the reach of c. 93A"). Analysis of Chapter 93A claims is not dependent on common law principles of tort or contract law, since it created "broad new rights, forbidding conduct not previously unlawful under the common law of contract and tort or under any prior statute." Dodd v. Commercial Union Ins. Co., 373 Mass. 72, 78, 365 N.E.2d 802, 806 (1977), accord Kattar v. Demoulas, 739

---

[1] The homeowners in Speleos also alleged they were third-party beneficiaries to their claim to be intended beneficiaries of the HAMP contract between Fannie Mae and the mortgage servicer.

N.E.2d at 257; Patricia Kennedy & Co. v. Zam-Cul Enters., Inc., 830 F. Supp. 53, 59 (D. Mass. 1993) (Massachusetts law does not require that plaintiffs prove a separate, independent tort to satisfy a claim under Chapter 93A). So long as a plaintiff's claim is "within at least the penumbra of some common-law, statutory, or other established concept of unfairness." PMP Assocs., Inc. v. Globe Newspaper 366 Mass. 593, 596, 321 N.E.2d 915 (1975).

The plaintiff's claim should be allowed to proceed. Although Plaintiff's claims satisfy the criteria for misrepresentation, inter alia, they also satisfy the broader criteria for a claim under Chapter 93A. Accordingly, Emilio Santelises requests that the Court deny Defendants' Motion to Dismiss.

        Respectfully submitted,
        Plaintiff, through counsel

DATED:         /s/ Christopher J. Fein
        Christopher J. Fein, B.B.O #654403
        Fein Law Office
        25 Braintree Hill Office Park - Suite 403
        Braintree, MA 02184
        (781) 356-5555